IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00994-REB-KLM

LARRY HOLLAND,

    Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

Under Rules 26(c) and 26(c)(7), Fed. R. Civ. P., upon a ~~showing of good cause in support~~ *request for* of the entry of a protective order to protect the dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     The Parties to this action anticipate that Confidential Information (as defined in paragraph 2 below) will be exchanged during discovery in this case. Because disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests, the Court enters this Protective Order to prevent the disclosure and use of Confidential Information except as set forth in this Order.

2.     "Confidential Information" means any documents, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note or copy – not made available to the public – and as designated by a party pursuant to the terms of this Order.

3.     As used in this Protective Order, the term "document" is defined as provided in

Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is confidential, including but not limited to confidential business information about Defendant BP America Production Company ("Defendant"), Defendant's affiliates or subsidiaries; personnel information regarding employees of a party to this litigation; customer and vendor/contractor information; employees of customers and vendor/contractors; proprietary financial or trade secret information; the Plaintiff's employment, tax, income, medical and personal information; and/or other information which is entitled to protection under Fed.R.Civ.P. 26(c). As a condition of designating information as CONFIDENTIAL, the information must be reviewed by a lawyer and a good faith determination must be made that the information is (a) a nonpublic trade secret, (b) proprietary or confidential research, personal (e.g., financial, medical), personnel, or commercial information, or (c) information that a party is under a duty to maintain in confidence.

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep CONFIDENTIAL information confidential survives the completion of this case.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this civil action;

    (b)    persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this action;

(c) the parties (including Plaintiff and Defendant and Defendant's Board of Directors, officers, management, and any advisory witnesses who are directly assisting said attorneys in the preparation of this civil action);

(d) expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g) deponents, witnesses, or potential witnesses;

(h) jurors and copying services; and

(i) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and those individuals listed in Paragraph 6(c) above), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. Exceptions to the requirement of written acknowledgment should include experts, deponents and others by written agreement of the parties.

8. Documents are designated as CONFIDENTIAL by marking them (in a manner that will not interfere with their legibility) "CONFIDENTIAL."

9. Any party that wishes to file CONFIDENTIAL information with the Court must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make [file] an appropriate motion [pursuant to MT Rules discovery procedures] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made [filed], the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make [file] such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made [filed] under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

-4-

12. In no event shall a person or entity that is a competitor (direct or indirect) of Defendant, or who may be involved in any charge or claim against the Defendant, be allowed to view or receive any information designated by Defendant as CONFIDENTIAL, absent Defendant's written consent or Order of the Court.

13. The parties may retain the CONFIDENTIAL information for a three-year period following the conclusion of the case, at which time the parties may either return or destroy the documents.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of June, 2012.

BY THE COURT:

United States ~~District Court~~ Magistrate Judge

**STIPULATED BY:**

s/  
Lynne Sholler  
Law Office of Lynne Sholler, P.C.  
1099 Main Avenue, #409  
Durango, CO 81301  
(970) 375-7756  
Lmsholler@q.com  

*Attorneys for Plaintiff*

s/  
Judith A. Biggs, P.C.  
Holland & Hart LLP  
1800 Broadway, Suite 300  
Boulder, Colorado 80302  
303-473-2700  
Fax: 303-473-2720  
jbiggs@hollandhart.com  

Joseph D. Neguse  
Holland & Hart LLP  
555 Seventeenth St., Suite 3200  
Denver, CO 80201-8749  
Phone: 303-295-8138  
Fax: 303-291-9136  
akyatsko@hollandhart.com  
jneguse@hollandhart.com  

*Attorneys for Defendant*

5613984_3