IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00994-REB-KLM

LARRY HOLLAND,

    Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to File Third Amended Complaint** [Docket No. 42; Filed January 3, 2013] (the "Motion"). On January 28, 2013, Defendant filed a Response [#65]. On February 9, 2013, Plaintiff filed a Reply [#67]. The Motion is thus fully briefed and ripe for resolution. For the reasons set forth below, the Court **GRANTS** the Motion [#42].

This matter pertains to a contractual/employment relationship between Plaintiff and Defendant that was terminated in January 2012. *See* 3d Am. Compl. [#42-1]. Plaintiff asserts five claims: (1) libel per se and slander per se; (2) wrongful discharge in violation of public policy/retaliation; (3) tortious interference with prospective business advantage; (4) breach of contract, breach of course of conduct and standard operating procedures and violation of regulations; and (5) intentional infliction of emotional distress. *Id.* at 6-12. Pursuant to the Motion, Plaintiff seeks to amend his Second Amended Complaint to add

information gathered in discovery and disclosures obtained after the pleading amendment deadline. *Motion* [#42] at 2. Plaintiff does not seek to add or remove any claims or Defendants. *Cf. 3d Am. Compl.* [#42-1] *with 2nd Am. Compl.* [#37].

As a preliminary matter, the pleading amendment deadline expired on August 10, 2012. *See Scheduling Order* [#29] at 16. The present Motion was filed on January 3, 2013 and, therefore, is untimely. Accordingly, Plaintiff must provide good cause for his failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A. Good Cause to Modify the Pleading Amendment Deadline

Plaintiff contends that good cause exists to amend the pleading amendment deadline because he did not know about the information underlying his amendments until after the deadline expired. *Motion* [#42] at 2-3. Defendant responds that "Plaintiff has either delayed proposing changes he could have made months ago, or is now proposing changes he should not even attempt to make." *Response* [#65] at 9. Plaintiff argues that much of the amended information comes from depositions conducted after mid-November 2012. *Reply* [#67] at 5. Plaintiff also argues that many of the documents on which he bases his amendments were not produced by Defendant until after the pleading amendment deadline passed. *Id.*

Plaintiff must "show that [he] has been diligent in attempting to meet the [pleading amendment] deadline;" this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). Plaintiff avers that he only discovered the alleged facts he desires to add to the Second Amended Complaint after the pleading amendment deadline and that the majority of those facts were discovered between two and six weeks before filing the present Motion. *Motion* [#42] at 2-3.

The Court is inclined to allow extension of the pleading amendment deadline here. The length of the delay is not a traditional consideration in determining whether a party has been diligent; however, the Court notes that the short delay between Plaintiff's discovery of most of the information he wishes to add and the filing of the present Motion informs the Court's interpretation of Plaintiff's conduct and whether it evidences diligence. Further, Plaintiff appears not to have been careless in a way that the good cause standard is meant to address. *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001). The Court therefore finds that Plaintiff has provided good cause for requesting leave to amend outside the pleading amendment deadline.

### B.     Rule 15(a) Requirements

Turning then to Rule 15(a) and whether justice would be served by permitting amendment, in situations where the request falls outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182. Defendant argues that

amendment should be denied based on undue delay, futility, and undue prejudice. *Response* [#65] at 9-11.

### 1. Undue Delay

First, concerning delay, "[t]he important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter*, 451 F.3d at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* However, the Tenth Circuit has also emphasized the similarity between the "good cause" standard of Rule 16(b) and the "undue delay" analysis of Rule 15(a). Defendant raises no additional arguments to support its Rule 15(a) analysis, merely stating, "For the reasons stated above, Plaintiff's Motion should be denied on the basis of undue delay." *Response* [#65] at 9. Having found these arguments insufficient above, the Court merely notes that Plaintiff acted quickly to submit his proposed Third Amended Complaint once he was made aware of these facts. *See Martinez v. City & Cnty. of Denver*, No. 11-cv-00192-MSK-KLM, 2012 WL 4097298, at *3 (D. Colo. Sept. 18, 2012). Thus, the Court finds that this history does not evidence undue delay.

### 2. Futility

Turning to Defendant's next argument, an amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Defendant suggests that Plaintiff's proposed amendments would be futile, because: (1) "Plaintiff's attempt to position himself as an employee" of Defendant in order to fall within the narrow exception to Colorado at-will employment law is futile; (2) "Plaintiff's new 'pattern and practice allegations' . . . lack specificity;" and (3) Plaintiff's defamation claims are "mere speculation." *Response* [#65] at 10-11.

Each of these arguments is quickly dispatched. First, Plaintiff counters that Defendant's employee argument is baseless because Plaintiff has not attempted to contend that he is an employee in his proposed Third Amended Complaint. *Reply* [#67] at 8. The Court agrees that a review of the document does not reveal any instance in which Plaintiff explicitly states that he is an employee of Defendant. Because Plaintiff has not amended his claim in this respect, *i.e.*, changed his allegations to aver that he is an employee rather than an employee of a contractor of Defendant, there is no proposed amendment on this point, and Defendant's argument lacks merit.

Second, Defendant also summarily argues that, "Plaintiff's conclusory allegations that [Defendant] has a 'culture' and 'pattern and practice' of ignoring safety are little more than labels and conclusions, insufficient to survive a motion to dismiss." *Response* [#65] at 11. Defendant does not connect this argument to any specific claim made by Plaintiff, but it appears that the argument is made in connection with Plaintiff's second claim regarding wrongful discharge in violation of public policy and retaliation. *3d Am. Compl.* [#42-1] at 8-9. However, Defendant has provided no further argument regarding the many other statements and allegations Plaintiff has made in connection with his second claim. Further, in violation of Local Rule 7.1C., Defendant has cited no authority in support of its argument. *See* D.C.COLO.LCivR 7.1C. (stating that "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion"). Accordingly, Defendant has neither made its argument clear nor provided legal support as to why this amendment is futile and the amended claim would not survive a motion to dismiss. *See Innovatier*, 2010 WL 148285, at *2. The Court is therefore unpersuaded. *See Bush v. FedEx Freight, Inc.*, No. 12-cv-

00230-WYD-KLM, 2012 WL 6108230, at *2 n.1 (D. Colo. Dec. 10, 2012) (refusing to consider argument in opposition to a motion to amend where the opposing party failed to cite any case law in support).

Finally, Defendant argues that Plaintiff's defamation claims are "mere speculation." *Response* [#65] at 10-11. Defendant points to Plaintiff's allegation "upon information and belief" and Plaintiff's reference to an unnamed meeting "attendee." *Response* [#65] at 11. Defendant's bare-bones recitation fails to even include the elements of a defamation claim. Defendant has failed to provide more than mere conclusory argument as to why Plaintiff's amended statements demonstrate that he is unlikely to succeed on the merits. Even were the Court to find that some statements lack specificity, Defendant has not shown why the remainder of Plaintiff's allegations are insufficient to demonstrate an actionable defamation claim. *See Innovatier*, 2010 WL 148285, at *2. The Court therefore finds that this argument lacks merit.

Thus, based on the limited arguments before the Court in Defendant's Response [#65], the Court will not deny leave to amend on the basis of futility.

### 3. Undue Prejudice

Third, as previously noted, the Court may deny a motion to amend based on undue prejudice to the nonmoving party. *See Minter*, 451 F.3d at 1205. Defendant has identified three sources of prejudice: (1) that Defendant will incur the cost of answering another complaint; (2) that the proposed changes would require re-opening of discovery; and (3) that Defendant's opportunity to file a motion for summary judgment sufficiently before trial would be jeopardized. *Response* [#65] at 9-10. Defendant's arguments may, indeed, demonstrate prejudice. However, Defendant has failed to show how this prejudice is

*undue.* *See Minter*, 451 F.3d at 1205. For example, Defendant does not establish how the relatively nominal cost of answering an amended complaint with no new claims and no new defendants creates undue prejudice. Further, Defendant's claim that its opportunity to file a motion for summary judgment before trial would be jeopardized is baseless—Defendant will have this opportunity, as will Plaintiff. Finally, and perhaps most importantly, Defendant has not demonstrated to the Court with sufficient specificity precisely what new discovery would be required in connection with the new complaint. Under these circumstances, the Court cannot find that Defendant will suffer *undue* prejudice if amendment of the Second Amended Complaint is permitted. *See Foman*, 371 U.S. at 182 (stating that the opposing party must be unduly prejudiced by the proposed amendment); *see, e.g.*, *Stanton v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM, 2012 WL 4466555, at *4 (D. Colo. Sept. 27, 2012) (finding undue prejudice where amendment would result in opposing counsel being placed in the position of being a fact witness). Similarly, Defendant argues that Plaintiff has a "bad faith or dilatory motive" in bringing the Motion at this stage of the litigation. Defendant provides no case law and no discernible argument in support of this assertion. *See* D.C.COLO.LCivR 7.1C. (stating that "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion").

Based on the above, therefore, the Court permits Plaintiff leave to file a Third Amended Complaint. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#42] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Plaintiff shall file a version of his Third

Amended Complaint, without the changes tracked, **on or before March 22, 2013**.

Dated: March 19, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge